**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NERY ADOLFO CHAVEZ GONZALEZ; D. A. C. H., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-845 <br><br> Agency Nos. <br> A203-635-656 <br> A203-635-657 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025[**]
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

Nery Adolfo Chavez Gonzalez (Petitioner) and his minor son, D.A.C.H. (collectively, Petitioners), both natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' (BIA) order dismissing their appeal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from an immigration judge's (IJ) decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioners also argue that the BIA erred in upholding the IJ's denial of Petitioners' request for a continuance.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the agency's factual findings for substantial evidence. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). Under the substantial evidence standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the denial of the request for a continuance for abuse of discretion. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). The agency abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law" or "fails to provide a reasoned explanation for its actions." *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014)). We deny the petition.

1. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). For persecution to occur "on account of" a protected ground, the

protected ground must be "at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). Petitioners claimed that the brothers-in-law targeted them on account of their membership in two proposed particular social groups (PSGs): (1) "their family in Guatemala"; and (2) "immediate family member[s] of a child with disabilities [or] medical conditions." The agency concluded that the brothers-in-law targeted Petitioners for money, not because of their membership in either proposed PSG. This finding is supported by substantial evidence.

Petitioner's testimony suggested that the brothers-in-law threatened him solely because they wanted money. Petitioner testified that the threats began only after D.A.C.H. had received the money from Petitioner's father-in-law. That Petitioner's daughter (who did not receive money but was a member of the proposed PSGs) was not targeted by the brothers-in-law further suggests that the motivation for the threats was a desire for money, not Petitioners' membership in either proposed PSG.

The record shows that the brothers-in-law targeted Petitioners because they were angry that their biological father had given D.A.C.H. money that the brothers-in-law otherwise would have inherited. That does not compel the conclusion that Petitioners have a well-founded fear of future persecution on account of a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) ("A personal

dispute is not, standing alone, tantamount to persecution based on [a protected ground].").

2. The agency's determination that Petitioners failed to establish the nexus required for withholding of removal was also supported by substantial evidence. The nexus standard for withholding of removal, which requires that the protected ground be "a reason" for the persecution, is less stringent than the standard for asylum, which requires that the protected ground be "one central reason" for the persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Although the standard for withholding of removal is "less demanding" than the standard for asylum, that distinction does not matter where, as here, there is "no nexus at all." *Id.*

"The lack of a nexus to a protected ground is dispositive of [Petitioners'] asylum and withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). We do not reach Petitioners' remaining arguments.

3. To establish entitlement to protection under the CAT, a petitioner must show "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). The agency denied Petitioners' applications for protection under the CAT because (1) Petitioners' past harm did not rise to the level of torture, and (2) Petitioners did not establish that the Guatemalan

government was likely to consent to or acquiesce in their torture. These findings are supported by substantial evidence.

First, the record does not compel the conclusion that Petitioners would likely suffer torture upon their return to Guatemala. Petitioner testified that he and his son had never suffered physical harm in Guatemala, let alone torture. The agency did not err in finding that the "verbal" threats that Petitioner experienced did not amount to "torture," a term that "is reserved for extreme cruel and inhuman treatment that results in severe pain or suffering." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) (citing 8 C.F.R. § 1208.18(a)). Further, the agency did not err in concluding that there was insufficient evidence in the record to find that future torture was likely. "Past torture is the first factor we consider in evaluating the likelihood of future torture" and "is ordinarily the principal factor on which we rely." *Nuru v. Gonzales*, 404 F.3d 1207, 1217–18 (9th Cir. 2005). The brothers-in-law did not act on their verbal threats for several years while Petitioners lived in Guatemala. The inference that the brothers-in-law would carry out these threats should Petitioners return to Guatemala was therefore speculative.

Second, Petitioners failed to establish that Guatemalan officials would likely consent to or acquiesce in their torture. Petitioners did not report the threats to the police and therefore offered no specific evidence that the police would knowingly allow the brothers-in-law to harm Petitioners. Further, Petitioners' evidence of

generalized country conditions does not compel the conclusion that the Guatemalan government is likely to acquiesce in the future torture of Petitioners in particular. "[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013)).

4. The agency did not abuse its discretion in denying Petitioners' request for a continuance. On the day of Petitioners' merits hearing, their counsel asked for a continuance to sever D.A.C.H. from the proceedings. The basis for the requested severance was that D.A.C.H. was eligible for Special Immigrant Juvenile (SIJ) status.[1] However, Petitioners' counsel offered no evidence that D.A.C.H had initiated the proceedings in California state court, a necessary step in obtaining SIJ status. The IJ therefore concluded that a continuance was not justified, emphasizing that Petitioners had not explained the "basis for the petition" and had "nothing to show" that D.A.C.H.'s state court proceedings were "at the very least, pending." The IJ did not act "arbitrarily, irrationally, or contrary to the law" when he demanded

---

[1] SIJ status is available for certain unmarried aliens under the age of 21 living in the United States. The alien must possess a valid juvenile court order finding (a) the alien is a dependent on the court or state agency; (b) the alien cannot be reunified with one or both parents due to abuse, abandonment, or neglect; and (c) it is not in the alien's best interests to return to his or a parent's country of nationality. *See* 8 U.S.C. § 1101(a)(27)(J).

that Petitioners offer some evidence that D.A.C.H. had begun the SIJ process and denied Petitioners' request for a continuance when they failed to offer any such evidence. *See B.R.*, 26 F.4th at 835.

Where, as here, an alien seeks a continuance due to a collateral proceeding, the IJ's "decision should turn primarily on the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 412 (A.G. 2018). Further, an IJ may grant a request for a continuance only "for good cause shown." 8 C.F.R. § 1003.29. The IJ complied with these directives. He declined to exercise his discretion to grant a continuance because Petitioners failed to show any cause, let alone good cause, for the continuance. The BIA properly concluded that the IJ did not abuse his discretion.

**PETITION DENIED.**[2]

---

[2] Petitioners' motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.

25-845